IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JACKIE D. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-05127-CV-SW-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jackie D. Ware ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4)

2

whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues three points of error. One, that the ALJ erred in determining that Plaintiff's impairments did not meet or equal a listed impairment. Two, the ALJ erred by not properly assessing Plaintiff's credibility. Three, the ALJ did not properly determine the Plaintiff's RFC.

#### A. *Listed Impairments*

Plaintiff argues that the findings of Dr. Koprivica demonstrate that Plaintiff meets or exceeds one of the listed impairments, or that a combination of her impairments meet the criteria of Sections 1.02, 1.03, or 1.04. Further, Plaintiff claims there is an additional impairment, Plaintiff's obesity, that was not considered by the ALJ.

While Plaintiff relies heavily on the findings and discussion of Dr. Koprivica, Plaintiff's treating physician was Dr. Cole. As a general rule, the courts grant deference to a treating physician's findings as the treating source has the best chance to observe and evaluate a claimant's

3

medical condition. *Morse v. Shalala*, 16 F.3d 865, 872 (8th Cir. 1994). However, even though it is generally entitled to substantial weight, an opinion is not conclusive merely because it comes from a treating physician. *Kelly v. Callahan*, 122 F.3d 583, 589 (8th Cir. 1998). Rather, the ALJ may reject the opinion of any medical expert that is inconsistent with the medical record as a whole. *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). Further, the opinion of a treating physician must be supported by medically acceptable clinical or diagnostic data. *Kelly*, 133 F.3d at 589.

Dr. Koprivica was retained by Plaintiff to provide a medical opinion on her impairments, not for treatment. As noted by the ALJ, the opinion by Dr. Koprivica was "not a medical opinion[] but opinions on the application of the statute" and "are not conclusive as to the ultimate question" of Plaintiff's limitation and disability. The ALJ went on to consider and weigh the opinion of Dr. Koprivica against the opinion of Plaintiff's treating physician, Dr. Cole.

It is clear from the record that the ALJ gave Plaintiff's treating physician, Dr. Cole, controlling weight. Dr. Cole's opinion does not support that Plaintiff met or exceeded a listed impairment. Dr. Cole noted that the Plaintiff was doing "quite well" after her surgery and ultimately concluded that her only restrictions were a permanent maximum lifting restriction of 30 pounds and a maximum push/pull restriction of 40 pounds. Nothing in Dr. Cole's records indicate that Plaintiff meets and/or equals the requirements of any listed impairment.

Moreover, even though Plaintiff argues that her obesity should have been considered by the ALJ, this assertion is not supported by the medical evidence. No medical record from any doctor attributes any limitations to Plaintiff's obesity, nor does any doctor diagnose her with obesity. The ALJ properly relied upon Plaintiff's treating physician who had treated her for nearly a year, rather than Dr. Koprivica, who was retained for evaluation rather than treatment and only met with Plaintiff

4

on two occasions. It is also clear that the ALJ properly relied upon the medical evidence, rather than making his own findings in regard to Plaintiff's obesity and any resulting limitations

## B. Plaintiff's Credibility

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996).

When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (1999). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints. *See id.* Thus, the adjudicator must consider the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question

5

is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole. Consequently, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir. 1984). However, the ALJ need not mention and analyze each element of *Polaski* independently. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). Failure to make credibility determinations in such cases is reversible error.

The ALJ correctly analyzed Plaintiff's credibility according to the standards adopted by this circuit in *Polaski*. The ALJ referenced the factors in *Polaski* and acknowledged that he could discount Plaintiff's subjective complaints only if there were inconsistencies in the record as a whole. *See Prince v. Bowen*, 894 F.2d 283, 286 (8th Cir.1990) (citing *Polaski*, 739 F.2d at 1322). Further, he looked to her activities of daily living, her complaints of pain to her doctors, failure to follow treatments, and the amount and type of medication and modalities prescribed for pain. The ALJ found these items to be inconsistent with Plaintiff's complaints of disabling pain. Plaintiff demonstrated many activities in her daily living including cooking, shopping with assistance, and walking one-half block. She did not make complaints of disabling pain to her treating doctors. Plaintiff also failed to follow through with some treatments and was never prescribed a brace, assistive device for ambulation, or TENS unit. The ALJ followed the standard for determining credibility as set out in this circuit and his decision is supported by the record as a whole.

### C. *Formulation of the RFC*

The ALJ in this case determined that Plaintiff had an RFC to lift a maximum of 30 pounds,

push/pull a maximum of 40 pounds, no sitting limitations, limited standing, walking, and upper extremity reaching, and no climbing or walking on uneven surfaces. The ALJ gave Plaintiff's treating physician, Dr. Cole, controlling weight. Although Dr. Cole only mentioned Plaintiff's ability to push/pull, one can reasonably believe those functions omitted were those that were not limited. *Depover v. Barnhard*, 349 F.3d 563, 567 (8th Cir. 2003). The ALJ gave Dr. Koprivica's assessment of Plaintiff "due consideration" noting that he was a consultative source, who merely examined the claimant rather than treated her.

The ALJ does incorrectly characterize the findings of fact made by a state agency examiner as "non-physician adjudicator" and not the opinion of an acceptable medical source. However, "one non-testifying, non-examining expert's opinion cannot be considered substantial evidence to defeat the decision of the ALJ which is supported by substantial evidence." *Goose v. Apfel*, 238 F.3d 981, 984 (8th Cir. 2001). Medical records from Plaintiff's treating physicians do not support the limitations found by Dr. Koprivica and the state agency examiner. Moreover, the substantial evidence of the record as a whole supports the ALJ's opinion.

### IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence supports the ALJ's findings in regard to determining whether Plaintiff met one of the listed impairments, Plaintiff's credibility, the formulation of her RFC, and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE: January 12, 2006        */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT